JAMES D. DUNCAN, ETC., *v.* LUTHER CARPENTER, ETC.

**Wills—Acceptance of Favorable Provisions—Estoppel.**
> Where a devisee accepts the provisions of the will, beneficial to him, he is estopped from objecting to that part unfavorable to his interest.

APPEAL FROM WARREN CIRCUIT COURT.

October 14, 1872.

OPINION BY JUDGE HARDIN:

As to the main question arising on the original appeal, whether or not the first sets of Edmund Duncan's children were properly held accountable for the value of the land devised to them in the second codicil to the will, we are of the opinion that whether

the terms of the will are such as to devise the whole estate or not, within the meaning of the 17th section of chapter 30, Revised Statutes, we are of the opinion from the entire will, that the testator in making the devise of the land in the said second codicil, did not intend, further than may have been unavoidably necessary to alter his previously expressed purpose of affectuating "an equitable" distribution of his estate among all his children.

And that he meant by this an equal distribution, as nearly as practicable, including both the land derived by his first wife, and the slaves given to the younger class of children by Margaret Bakey (after conferring on the family remaining at the homestead particular advantages), seems to be reasonably certain from his failure to relieve the second class of children of the previous charge of the slaves to them, and the expression of the wish, in the clause devising the land, that the balance of his estate be disposed of as provided in his "foregoing will."

Upon the cross appeal, we concur with the court below that the devisees of said slaves are estopped from objecting to being charged with them by their acceptance of the provisions of the will beneficial to them. And we perceive no error in the judgment with reference either to the land or slaves as to the amounts charged therefor, or the time of charging those amounts. Nor is there, in our opinion, any available error in the judgment.

Wherefore the judgment is affirmed, both on the appeal and cross-appeal.

*Dulaney, for appellants.*